*1241 OPINION.
Murdock :
The petitioner contends that under the Revenue Act of 1921 it is entitled to deduct the amount of $242,243.08 either as a debt ascertained to be worthless and charged off or as a loss sustained in that year. If the petitioner at the end of 1921 had a building for the construction of which it had just paid $1,218,349.08, certainly it has not sustained a loss merely because it had had a contract guaranteeing the construction of this building for a lesser amount, which contract had been broken by the other party to it. Failure to profit by a favorable bargain for the construction of a building does not occasion a loss within the meaning of the Revenue Act.
The petitioner further contends that (1) it had a claim against the F. E. Walters Co. which cost $242,243.08, (2) this amount was expended for the claim and was not a part of the cost of the building, and (3) the claim became worthless, was ascertained to be worthless and was charged off in the year 1921. We disagree with the petitioner on each of these points. That the petitioner paid $242,-243.08, or any other amount for whatever claim it had against the F. E. Walters Co. has not been shown. Where money has been paid to release liens of subcontractors or material men whom the contractor should have paid but did not, a claim against the contractor in a sense has been purchased and a loss may result. See Leichner & Jordan Co., 4 B. T. A. 133. But where the contractor refused to complete a building, as here, it is not accurate to say that a claim *1242 was purchased by the expenditures necessary to complete the building. In the latter case the money was spent to complete the building, not to pay for a claim. The claim would have been the same had no money been spent, except that the completion of the building might have been necessary in order to minimize the damages. We do not know how much was paid by the petitioner for the release of liens and as to the balance of the claim we hold that it is not a debt which could form the basis for a deduction under section 234 (a) (5) of the Revenue Act of 1921.
The respondent contends that the cost of the building was the amount which the petitioner paid for it and not the amount which the contract guaranteed would not be exceeded in the construction of the building. This contention seems sensible and under sections 235 and 215 (a) (2) it would dispose of this case. But suppose, for the sake of argument, that the Commissioner was in error in regard to the cost of the building and also that the petitioner had a claim against the F. E. Walters Co. which cost $242,243.08, nevertheless, this amount could not be deducted in the year 1921 under any circumstances unless the claim was ascertained to be worthless in that 3rear. From the evidence we are unable to determine that any claim which the petitioner had against the F. E. Walters Co. was ascertained to be worthless in the year 1921.
We have found as a fact, from the testimony of a witness, that when the petitioner started suit against the F. E. Walters Co. on May 5, 1921, it expected to recover. Not until December 27, 1921, was the petitioner notified that on December 23, 1921, the F. E. Walters Co. had been adjudicated a bankrupt on its voluntary petition and that only $302.39 of assets were listed on the statement attached to the petition.
This, so far as. we have been told, was the first intimation which the petitioner had that the F. E. Walters Co. was unsound financially. The news was no doubt disturbing, yet it seems only reasonable to expect that one having a claim of approximately a quarter of a million dollars would not take the bankrupt’s statement of its assets as conclusive, but would make some more thorough investigation to satisfy itself that its claim was really worthless. We know now that the creditors eventually received nothing, but we have not been told of facts which the petitioner knew in 1921 which would show that it then ascertained the claim to be worthless. Counsel several times asked for such facts, but the witness never gave any satisfactory answer.

Judgment will be entered for the-respondent.